UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSLYN ROBINSON | : | CIVIL ACTION |
|     Plaintiff | | NO. 3:02 CV2120 (AWT) |
| V. | : | |
| | | |
| OFFICER HENDERSON, OFFICER | : | |
| MARTINEZ, OFFICER JOHNSON, | : | |
| BRUCE MARQUIS AND | : | |
| CITY OF HARTFORD | : | |
|     Defendants | : | SEPTEMBER 27, 2004 |

## REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

On July 15, 2004, the defendants moved for summary judgment. Their motion was supported by a memorandum of law, a Local Rule 56(a)1 statement of undisputed facts and an appendix of exhibits which included, among other things, four sworn affidavits.

On August 31, 2004, the plaintiff filed an objection to the defendants' motion for summary judgment, pursuant to Federal Rule 56 and "Local Rule 9(c)." The plaintiff's objection, while supported by a memorandum of law and deposition testimony, was not accompanied by a Local Rule 56(a)2 statement or any affidavits.

This memorandum will serve to reply to the objection and will demonstrate that the plaintiff has failed to establish the existence of any material fact.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**ARGUMENT**

I. **THE PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL RULE 56(a)2**

Local Rule 56(a) 2 requires a party opposing a motion for summary judgment to file

> a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material facts as to which it is contended there is a genuine issue to be tried.

Each Rule 56 Statement must be supported with "either a specific citation to (1) the affidavit of a witness competent to testify to the facts at trial, and/or (2) evidence that would be admissible at trial." L.R. Civ. P. 56(a)3.

The intent behind Rule 56 is to assist the court by clarifying which material facts the moving party claims are undisputed and which material facts the party opposing the motion claims are disputed. Coger v. Connecticut, 309 F. Supp. 2d 274, 277 (D. Conn. 2004). If Rule 56 statements are not filed, "the court is left to dig through a voluminous record, searching for material issues of fact without the aid of the parties." N.S. v. Stratford Bd. of Educ., 97 F. Supp. 2d 224, 227 (D. Conn. 2000). Absent the filing of a Rule 56(a)2 statement, the moving party's statement of undisputed facts will be deemed admitted as long as the record supports the unopposed statements. Giannullo v. New York, 322 F.3d 139, 140 (2d. Cir. 2003). Further, if the undisputed facts provide

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

sufficient grounds to grant the motion, summary judgment should enter. Dusanenko v. Maloney, 726 F.2d 82, 84 (2d. Cir. 1984).

Here, the plaintiff did not file a Rule 56(a)2 Statement. While he has included a "Statement of Facts" in his memorandum, this does not comport with Rule 56's explicit requirements. First, it does not respond to the defendants' statement of undisputed facts. L.R. Civ. P. 56(a)2. Second, it does not include a list of material facts the plaintiff claims are in dispute. Id. Thus, the defendants' statement of undisputed facts, which finds support in the record, should be deemed admitted. Giannullo, 322 F.3d at 140. See also Coger, 309 F. Supp. 2d 274 at 277-78 (stating that plaintiff's "one-sentence blanket statement denying more than 50 statements of material fact asserted by defendant, without citations to affidavits or exhibits which support such denials of fact, is not in compliance with the local rule."); Cooper v. Ragaglia, 1999 WL 1067680 *2 (D. Conn) (holding that answering some but not all facts in the Defendants' [56(a)1] statement "is not in compliance with the Local Rules and is the equivalent of no filing at all."). Also, the undisputed facts provide sufficient grounds to enter judgment in the defendants' favor. Dusanenko v. Maloney, 726 F.2d 82, 84 (2d. Cir. 1984).

II. **THE PROFFERED "DISPUTED FACTS" ARE IMMATERIAL AND THUS, EVEN IF THEY WERE PROPERLY BEFORE THIS COURT, SHOULD NOT SERVE TO DEFEAT THE MOTION.**

In the event this court entertains the merits of the objection despite the non-compliance with Rule 56, this court should nonetheless grant the motion for summary judgment. The plaintiff's objection is predicated on conclusory, argumentative assertions that simply find no support in fact or law.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The plaintiff's first argument is that there are "genuine issues of material fact" that require the denial of the motion. Pl's Obj. p. 6. This argument, however, should be easily disposed of by virtue of the plaintiff's failure to comply with Rule 56. Even if this were not the case, however, the "facts" he cites are immaterial.

It is well settled that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby Inc., 477 U.S. 242 247-48 (1986) (emphasis supplied). It is against this backdrop that the proffered "factual disputes" must be analyzed.

First, the plaintiff argues that the purported issue as to when and if the defendants identified themselves as police officers is "crucial in determining whether or not the plaintiff has a complete defense to an interfering/resisting charge." Pl's Obj. p. 7. As the defendants' opening brief makes clear, however, this is not true. By the plaintiff's own admission, he resisted the defendants <u>even after</u> he claims he knew they were police officers. See Defs' Opening Brief, p. 11, fn. 2. Cf. Kerman v. City of New York, 261 F.3d 229, 233 (2d. Cir. 2001) (Although plaintiff initially resisted, he stopped struggling as soon as he realized he was dealing with police officers). Thus, to the extent the plaintiff is now claiming that his resistance constituted justifiable self-defense,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

he has contradicted his own sworn testimony. The defendants had probable cause to arrest the plaintiff for, among other things, interfering with a police officer.

The plaintiff attempts to draw support from Jocks v. Tavernier, 316 F.3d 123 (2d. Cir. 2003) to support his argument to the contrary. This attempt, however, is unavailing. In Jocks, the plaintiff argued that his striking an off duty police officer was a justifiably defensive reaction to the officer's pulling a gun on and threatening him. Id. at 135. The Court agreed, on the facts in Jocks, that the jury could have made such a conclusion. Id. at 136.[1] The court also recognized, however, the well settled principle that "probable cause to arrest should be determined based on what the officer knew at the time of the arrest." Id. at 135.

Here, unlike in Jocks, the undisputed facts in the record indicate that the four police officers all identified themselves immediately upon approaching the plaintiff. (Exhs. A, B, C and D attached to opening brief). They were not aware of any facts supporting the plaintiff's claim that he was allegedly acting in self-defense at any point in their dealings with him.

Further, and quite significantly, is the fact that as the plaintiff recognizes, "[p]robable cause to arrest exists when the arresting officer has 'knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." (Pl.'s Obj. p. 8) The plaintiff was also charged with

---

[1] Indeed, the portions of Jocks upon which the plaintiff relies relate to a post-verdict appeal wherein the record included contradictory testimony and thus, disputed facts. By contrast here, the court has been presented with a motion for summary judgment where no facts are in dispute by virtue of Rule 56. Giannullo, 322 F.3d at 140, supra pp. 2-3.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

breach of peace and could have been charged with, among other things, disorderly conduct. See Wachtler v. County of Herkimer, 35 F.3d 77, 80 (2d. Cir. 1984) (As long as the detectives had some reasonable basis to believe the plaintiff had committed a crime, the arrest was justified as being based on probable cause.)  Also, the plaintiff concedes that despite his feigned ignorance initially, he knew he was dealing with police officers at some point and he continued resisting.  Thus, the issue of identification is really a red herring when it comes to a probable cause analysis.

   This is likewise the case under the panoply of other "issues" the plaintiff has identified.  See Pl's Obj. p. 7.  For instance, the plaintiff's claim regarding identification has no bearing on an excessive force analysis.  As indicated in the defendants' opening brief, "[t]he 'reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989).  Here, the officers were involved in a narcotics enforcement initiative and were patrolling notoriously dangerous streets.  They observed the plaintiff and thought he had a gun.  When they stopped the plaintiff, he resisted them.  This conduct was highly suspect, and they needed to subdue him in order to protect themselves and others.  The "issue" of identification does not change this, nor does it change the fact that they did precisely what they had to do, and nothing more, to accomplish this.

   Similarly, identification has no bearing on the qualified immunity analysis.  A key component to such an analysis is the objective reasonableness of the challenged action/s.  Carson, 35 F. Supp. 2d at 265.  In making such an assessment, the situation

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

must be viewed from the perspective of a "reasonable police officer in the same circumstances and possessing the <u>same knowledge</u> as the officer in question." <u>Lee v. Sandberg</u>, 136 F.3d 94,102 (2d. Cir. 1997) (emphasis added). <u>See</u> <u>also</u> <u>Lennon v. Miller</u>, 66 F.3d 416, 428 (2d. Cir.1995). The "same knowledge" here was that the four officers all identified themselves when they approached the plaintiff. Thus, whether the plaintiff did not hear them or whether he simply chooses to deny their identification, the fact remains that their actions were predicated on this knowledge.

Second, the plaintiff argues that there is a dispute about whether the removal of the plaintiff to Keney Park was "customary" and that this is somehow material. The plaintiff has offered nothing that would contradict the affidavits of the officers on this point. The fact that Detective Henderson testified that "it all depends on the situation" is certainly not a contradiction. Moreover, even if there were a dispute, this is not a material fact. <u>Anderson</u>, 477 U.S. at 247-48.

Third, the plaintiff contends that an alleged strip search is a material issue, without explaining how or why. In fact, there is no explanation because this too is immaterial. <u>Id</u>. The analysis of the plaintiff's claims in the defendants' opening brief bears this out and will not be repeated here. Thus, even if the plaintiff had properly presented allegedly disputed facts, they would have no bearing on the analysis and the defendants' motion should be granted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

### III. THE PLAINTIFF'S LEGAL ARGUMENTS, WHICH ARE LARGELY PREDICATED UPON IMPROPERLY STYLED "DISPUTED FACTS," ARE UNAVAILING [2]

#### A. Reasonable Suspicion

In addition to the foregoing, the plaintiff also makes the curious claim that the defendants did not have the requisite "reasonable suspicion" to detain him, even though the stop was predicated upon Officer Johnson's belief that he observed the plaintiff with a gun. According to the plaintiff, "even if the officer is taken at his word," there was no reasonable suspicion "because carrying a weapon is not illegal with a proper permit …" (Pl's Obj. p. 8) It simply defies logic to suggest that a police officer, particularly one charged with the responsibility for patrolling a notoriously violent area, cannot stop an individual he believes has a gun because that individual _might_ have a permit. Indeed, the circumstances underlying reasonable suspicion are to be judged "through the eyes of a reasonable and cautious police officer on the scene guided by his experience and training." United States v. Delos-Rios, 642 F.2d 42, 45 (2d. Cir. 1981). A gun is a dangerous instrumentality, permit or not.

Further, and perhaps more importantly is the fact that there is no dispute that no gun was found. Whether the plaintiff had a permit or not is completely irrelevant here.[3] Moreover, even probable cause can exist if based on mistaken information. Bulanov v. Meehan, 2002 WL 181365 at *4 (S.D.N.Y. Feb. 6, 2002).

---

[2] This section only addresses reasonable suspicion and excessive force. False arrest/probable cause and qualified immunity are addressed in Section II of this brief, as well as throughout the opening brief.

[3] By raising such an argument, the plaintiff seems to suggest that he did have a gun. The detectives never completed their search of the plaintiff's vehicle because it had been moved when they returned. See Exhs. A, B, C and D (attached to defendants' opening brief).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Along these lines, it bears re-emphasizing the difference between the probable cause and reasonable suspicion standards. Reasonable suspicion is a necessarily lesser standard than probable cause which derives from the need to achieve a "balance between the public interest and the individual's right to personal security." United States v. Arvizu, 534 U.S. 266, 273, 122 S. Ct. 744, 750 (2002). Clearly refraining from stopping an individual suspected of carrying a gun in a violent neighborhood because that individual <u>might</u> have a permit defies that need. Indeed, merely having a permit for a gun does not make the gun any less dangerous or sanction use under any circumstance. Permit holders and non-permit holders alike may pose a threat to the public interest. Thus, there was reasonable suspicion for the stop.

### B. Excessive Force

In attempting to defend the legal merit of his excessive force claim the plaintiff makes the remarkable assertion that "[r]elying on the statements of police officers in determining the objective reasonableness of use of force, as defendants would have us do, is a practice in futility." Pl's Obj. p. 11. As the cases relied upon by the defendants make clear, this is not a standard of their own making but is rather a well settled standard imposed by law. Indeed, the plaintiff's direct quotation, on page 11 of his brief, from <u>Finnegan v. Fountain</u>, 915 F.2d 817, 823 (2d. Cir. 1990) bears this out. ("The reasonableness of the force used is 'judged from the perspective of a reasonable officer on the scene.'")

Nonetheless, the plaintiff goes to great lengths to denigrate this well settled standard. In doing so, he engages in less than subtle innuendo which serves to

– 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

disparage the defendants here, and teeters on the brink of offensive. In particular, he notes that "[c]learly savvy and experienced police officers are educated enough to understand what must be said, and/or written, to circumvent constitutional scrutiny." Pl's Obj. p. 11. In actuality, our laws and the standards thereunder necessarily include many protections in this regard, for both arrestee/detainees and police officers. Indeed, the "reasonable police officer" standards are not lightly applied. See e.g. Giannullo, 322 F.3d 139, 141-42 (finding no probable cause for drug arrest where officers saw no drugs, saw no money pass hands and heard no incriminating statements). Here, however, even under strict scrutiny the fact remains that the force used was reasonable under the circumstances. Thus, the plaintiff's excessive force claim must fail.

## IV.   CONCLUSION

WHEREFORE, for the foregoing reasons, the plaintiff's objection to the defendants' motion for summary judgment should be overruled and summary judgment should enter on the defendants' behalf.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE DEFENDANTS,
OFFICER HENDERSON;
OFFICER MARTINEZ;
OFFICER JOHNSON;
BRUCE MARQUIS;
CITY OF HARTFORD


By_____
James J. Szerejko of
HALLORAN & SAGE LLP
Fed. Bar #ct
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
szerejko@halloran-sage.com


## CERTIFICATION

     This is to certify that on this 27th day of September, 2004, I hereby mailed a copy of the foregoing to:

Deron Freeman, Esq.
Donald E. Freeman, Esq.
Law Offices of Donald E. Freeman
21 Oak Street, Suite 203
Hartford, CT 06106


_____
James J. Szerejko

597601_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105