UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSLYN ROBINSON | : | CIVIL ACTION |
|     Plaintiff | | NO. 3:02 CV2120 (AWT) |
| V. | : | |
| | | |
| OFFICER HENDERSON, OFFICER | : | |
| MARTINEZ, OFFICER JOHNSON, | : | |
| BRUCE MARQUIS AND | : | |
| CITY OF HARTFORD | : | |
|     Defendants | : | OCTOBER 15, 2004 |

**OBJECTION TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE AMENDED OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO PLAINTIFF'S PURPORTED "LOCAL RULE 56(A)2 STATEMENT OF FACTS"**

    Under the date of October 7, 2004, the plaintiff filed a "Request for Leave to File Amended Opposition to Defendant's [sic] Motion for Summary Judgment" and an "Amended Opposition to Defendants' Motion for Summary Judgment." The basis for the plaintiff's request derives from his untimely desire to "comply with Local Rule 56(a)2."[1] Under the date of October 8, 2004, the plaintiff filed a document entitled "Local Rule 56(a)2 Statement of Facts purporting to answer the "defendants' Local Rule 56(a)1 statement."[2] These filings follow the defendants' July 15, 2004 motion for summary judgment, which was supported by a memorandum of law, a Local Rule 56(a)1

---

[1] The October 7, 2004 "Request for Leave to File Amended Opposition to Defendant's Motion for Summary Judgment" indicates that a copy was certified to the undersigned on October 7, 2004. The October 7, 2004 "Amended Opposition to Defendants' Motion for Summary Judgment" indicates that a copy was certified to the undersigned on October 8, 2004. Notwithstanding these representations, the undersigned has not received either filing via U.S. Mail. Rather, he only learned of these filings on October 13, 2004 when notified via e-mail from this Court that they had been filed. Thereafter, he downloaded the documents. See documents (attached hereto as Exhibits A and B).
[2] There is no indication on this document that a copy was ever certified to the undersigned. This too was obtained by downloading from the Court's system. See document (attached hereto as Exhibit C).

One Goodwin Square     HALLORAN     Phone (860) 522-6103
225 Asylum Street     & SAGE LLP     Fax (860) 548-0006
Hartford, CT 06103                                       Juris No. 26105

statement of undisputed facts and an appendix of exhibits which included four sworn affidavits, the plaintiff's August 31, 2004 objection to the defendants' motion for summary judgment, which was not accompanied by a Local Rule 56(a)2 statement or any affidavits, and the defendants' September 27, 2004 Reply thereto, which, among other things, identified the deficiencies in the plaintiff's objection.  The motion has been fully briefed and the defendants therefore object to the plaintiff's proffered delinquent amendments and Local Rule 56(a)2 Statement.

It has long been recognized in the Second Circuit that

> Litigants should be on notice from the very publication of [Federal] Rule 56(e) that a party faced with a summary judgment motion 'may not rest upon the mere allegations or denials' of the party's pleading and that if the party does not respond properly, 'summary judgment, if appropriate, shall be entered' against him.

Graham v. Lewinski, 848 F.2d 342, 344 (2d. Cir. 1988) (quoting Fed. R. Civ. P. 56(e)). As the defendants pointed out in their September 27, 2004 Reply, a "proper response" requires the party opposing a motion for summary judgment to comply with Local Rule 56(a)2 by filing a "Local Rule 56(a)2 Statement" with his opposition.

Further, this Statement must be filed <u>contemporaneously</u> with the opposition, not weeks or months afterwards.  See, e.g., Tyson v. Willauer, 289 F. Supp. 2d. 190, 194 (D. Conn. 2003) (stating that "[i]n accordance with this Rule, this Court has repeatedly held that the opposing party's failure to submit a <u>timely</u> Local Rule 56(a)2 Statement will result in the Court's deeming admitted all facts set forth in the moving party's Local Rule 56(a) 1 Statement.") (emphasis added).  See also Booze v. Shawmut Bank, 62 F. Supp. 2d 593, 595 (D. Conn. 1999).  Indeed, the language of the rule itself which specifically

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

states, in relevant part, that "[t]he papers opposing a motion for summary judgment <u>shall include</u> a document entitled "Local Rule 56(a)2 Statement …" make this clear.  Local Rule 56(a)2.

Here, the plaintiff's opposition papers were filed on August 31, 2004.  These papers, however, did not include a Local Rule 56(a)2 Statement.  After being apprised of this by the defendants, the plaintiff now seeks to amend his opposition under the date of October 7, 2004, to comply with the Rule.  He has also filed, under the date of October 8, 2004, a purported Rule 56(a)2 Statement.  He should not be permitted to amend his objection and his untimely filing should not be recognized.

In <u>Tyson v. Willauer</u>, 289 F. Supp. 2d. 190 (D. Conn. 2003), the Court was faced with a similar situation.  There, the defendants filed a motion for summary judgment and a Local Rule 56(a)1 Statement which set forth 80 numbered "undisputed" facts.  <u>Id</u>. at 193.  In response, the plaintiff submitted a "Local Rule 56(a)2 Statement" with his opposition papers which denied or objected to only 10 of the numbered facts, but failed to respond to the remaining 70.  <u>Id</u>.[3]  The objections or denials were not accompanied by citations to an affidavit of a witness competent to testify at trial or to any admissible evidence.  <u>Id</u>.  In their reply, the defendants pointed out these deficiencies and the plaintiff, without leave of the court, then filed an untimely "Amended Local Rule 56(a)2 Statement, which addressed the 70 remaining paragraphs and provided citations to affidavits or evidence.  <u>Id</u>.  The Court aptly concluded, however, that consistent with its longstanding precedent, it would not consider the untimely amendment and instead

---

[3] By contrast, the plaintiff here submitting nothing in the way of compliance with Rule 56 when he filed his objection to the defendants' motion for summary judgment.

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

deemed admitted those facts set forth in the defendants' Local Rule 56(a)1 Statement. Id. at 194.

The argument in support of the same conclusion here is even more compelling. First, although the plaintiff professes to be seeking leave to amend his opposition to the motion for summary judgment, he has already filed, without leave of this Court, a Local Rule 56(a)2 Statement of Facts. See Exhibit C.[4] This October 8, 2004 Statement post-dates his opposition papers by well over one month. It is thus untimely and unapproved. Tyson, 289 F. Supp. 2d. at 193-94; See also Booze, 62 F. Supp. 2d at 595 ("The absence of a timely Rule (c)(2) Statement, (later filed in noncompliance with the Local Rules), fails to serve [the rule's] purpose" of aiding and informing the court").

Second, this untimely filing comes after the full briefing of the issues before this Court. The defendants raised the issue of the plaintiff's non-compliance in their reply brief, and spent a considerable amount of time and space doing so. Their objective was not to educate the plaintiff and give him an opportunity to cure the deficiencies, but was rather to inform this Court as to one more reason why their motion should be granted. They should not now be penalized for doing so.[5]

---

[4] This "Statement" is dated October 8, 2004 whereas the Request for Leave to Amend and the Amended Objection are dated October 7, 2004.  They can only be construed, therefore, as separate and distinct filings.

[5] It bears noting that the plaintiff's attempt to amend his objection to the defendants' motion for summary judgment does not seem to derive support from any specific rule.  The defendants recognize that amendments to pleadings are governed by Rule 15, however.  In that regard, it is well settled that "the district court plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is made for the delay, and the amendment would prejudice the defendant." MacDraw, Inc. v. CITI Group Equipment Fin., Inc, 157 F.3d 956, 962 (2d Cir. 1998).  There has been an unexplained delay here and allowing the amendment would prejudice the defendants.

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Finally, and quite significantly, even the plaintiff's untimely purported compliance is deficient. Local Rule 56(a) 2 specifically requires a party opposing a motion for summary judgment to file

> a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. <u>The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material facts as to which it is contended there is a genuine issue to be tried.</u>

(emphasis added). The plaintiff, however, has only attempted to file a "Local Rule 56(a)2 Statement of Facts" which admits, denies and/or claims insufficient knowledge in response to the numbered paragraphs set forth in defendants' Rule 56(a)1 Statement. First, the rule does not provide for claims of insufficient knowledge. Thus, this filing is deficient in that regard.

Second, the plaintiff has not endeavored to provide a list of "Disputed Issues of Material Fact." Rather, in stark contravention of the rule, he claims in paragraph 28 that "[i]n additional [sic] to paragraph 18, there are other material factual disputes defendants fail to outline in their statement of undisputed facts that are more specifically set forth in the attached memorandum." Exhibit C. It is clearly the plaintiff's burden to specify what these purportedly disputed facts are. <u>See</u> <u>Coger v. Connecticut</u>, 309 F. Supp. 2d 274, 277 (D. Conn. 2004) (stating that the intent behind Rule 56 is to assist the court by clarifying which material facts the moving party claims are undisputed and which material facts the party opposing the motion claims are disputed.) Thus, even if

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the plaintiff's proffered filing were timely, it is, in spite of the defendants' reply, still deficient and should not be considered.

WHEREFORE, for the foregoing reasons, this Court should deny the plaintiff's Request for Leave To Amend and should not consider his untimely and deficient Local Rule 56(a)2 Statement of Facts.

THE DEFENDANTS,<br>
OFFICER HENDERSON;<br>
OFFICER MARTINEZ;<br>
OFFICER JOHNSON;<br>
BRUCE MARQUIS;<br>
CITY OF HARTFORD

By_____
James J. Szerejko of
HALLORAN & SAGE LLP
Fed. Bar #ct04326
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. No. (860) 522-6103
Fax. No. (860) 548-0006
szerejko@halloran-sage.com

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 15th day of October, 2004, I caused the foregoing to be served by U.S. Mail, postpaid, to:

Deron Freeman, Esq.
Donald E. Freeman, Esq.
Law Offices of Donald E. Freeman
21 Oak Street, Suite 203
Hartford, CT 06106

_____
James J. Szerejko

604128.1(HSFP)

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105