UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSLYN ROBINSON | : | CIVIL ACTION |
|     Plaintiff | : | NO. 3:02 CV2120 (AWT) |
| | : | |
| V. | : | |
| | : | |
| OFFICER HENDERSON, OFFICER MARTINEZ, OFFICER JOHNSON, BRUCE MARQUIS AND CITY OF HARTFORD | : | |
|     Defendants | : | DECEMBER 7, 2004 |

**SUPPLEMENTAL REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[1]**

**PRELIMINARY STATEMENT**

On July 15, 2004, the defendants moved for summary judgment. Their motion was supported by a memorandum of law, a Local Rule 56(a)1 statement of undisputed facts and an appendix of exhibits which included, among other things, four sworn affidavits.

On August 31, 2004, the plaintiff filed an objection to the defendants' motion for summary judgment, pursuant to Federal Rule 56 and "Local Rule 9(c)." The plaintiff's objection, while supported by a memorandum of law and deposition testimony, was not accompanied by a Local Rule 56(a)2 statement or any affidavits.

On September 27, 2004, the defendants filed a reply to the plaintiff's objection. In their reply, the defendants set forth, in detail, the procedural deficiencies with the

---

[1] This serves to supplement all of the defendants' prior filings. All of the arguments previously advanced, therefore, are meant to be incorporated herein and not supplanted hereby.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plaintiff's objection and argued that based thereon, their motion should be granted. They also, however, addressed the substantive deficiencies of the plaintiff's objection in case the court was inclined to address the merits of the objection.

Thereafter, under the date of October 7, 2004, the plaintiff filed a "Request for Leave to File Amended Opposition to Defendant's [sic] Motion for Summary Judgment" and an "Amended Opposition to defendants' Motion for Summary Judgment." The plaintiff's stated intention was to "comply with Local Rule 56(a)1." Under the date of October 8, 2004, the plaintiff filed a document entitled "Local Rule 56(a)2 Statement of Facts which purported to answer the "defendants' Local Rule 56(a)1 statement."

On October 15, 2004, the defendants objected to the plaintiff's request, citing untimeliness and continued deficiency as grounds for sustaining same. This court, however, overruled the defendants' objection and has allowed the proffered amendment. In doing so, it has ordered that no further amendments will be allowed and it has granted the defendants an opportunity to supplement their reply to the plaintiff's objection. This memorandum will serve as that supplemental reply.

## ARGUMENT

**I.   THE PLAINTIFF'S AMENDED OPPOSITION REMAINS PROCEDURALLY DEFICIENT**

As indicated above and in the defendants' objection, the plaintiff's request to amend was predicated upon the desire to cure the glaring defects in his August 31, 2004 objection. Specifically, the plaintiff's amendment seeks to "comply with Local Rule

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

56(a) 2." This purported compliance, however, takes the form of a "Local Rule 56(a)2 Statement of Facts" which admits, denies and/or claims insufficient knowledge in response to the numbered paragraphs set forth in the defendants' Rule 56(a)1 Statement. As demonstrated by the defendants, first in their reply to the plaintiff's objection and second in their objection to the plaintiff's proffered amendment, this simply does not constitute complete compliance with the rule.

The plaintiff's obligations under Local Rule 56(a) 2 are two pronged. First, he must state "in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied." Local Rule 56(a)2. Second, he must include in a "separate section entitled "Disputed Issues of Material Fact" a list of each issue of material facts as to which it is contended there is a genuine issue to be tried." Id. The plaintiff's purported compliance fails with respect to both prongs.

First, his Statement of Facts admits, denies and/or claims insufficient knowledge in response to the numbered paragraphs set forth in defendants' Rule 56(a)1 Statement. The rule plainly does not provide for claims of insufficient knowledge. Thus, this filing is deficient in that regard.

Second, the plaintiff has not endeavored to provide a list of "Disputed Issues of Material Fact." Rather, in stark contravention of the rule, he claims in paragraph 28 that "[i]n additional [sic] to paragraph 18, there are other material factual disputes defendants fail to outline in their statement of undisputed facts that are more specifically

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

set forth in the attached memorandum." It is clearly the plaintiff's burden to specify what these purportedly disputed facts are and to provide support for same. See <u>Coger v. Connecticut</u>, 309 F. Supp. 2d 274, 277 (D. Conn. 2004) (stating that the intent behind Rule 56 is to assist the court by clarifying which material facts the moving party claims are undisputed and which material facts the party opposing the motion claims are disputed.) The plaintiff still has not done so and thus, this court "is left to dig through a voluminous record, searching for material issues of fact" without the aid of the plaintiff. <u>N.S. v. Stratford Bd. Of Educ.</u>, 97 F. Supp. 2d 224, 227 (D. Conn. 2000). Further, this failure makes it difficult for the defendants to respond to the plaintiff's claims because it is not clear as to what they are.

Thus, despite already having had two bites at the apple, the plaintiff's proffered amendment remains deficient and should not be considered. The defendants' Motion for Summary Judgment should be granted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

        THE DEFENDANTS,
OFFICER HENDERSON; OFFICER MARTINEZ; OFFICER JOHNSON; BRUCE MARQUIS; CITY OF HARTFORD

By _____
James J. Szerejko of
HALLORAN & SAGE LLP
Fed. Bar #ct 04326
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
Email: szerejko@halloran-sage.com

## **CERTIFICATION**

This is to certify that on this _____ day of December, 2004, I hereby mailed a copy of the foregoing to:

Deron Freeman, Esq.
Donald E. Freeman, Esq.
Law Offices of Donald E. Freeman
21 Oak Street, Suite 203
Hartford, CT 06106

_____
James J. Szerejko

623021_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105